# HILLSBOROUGH.

## JULY TERM, A. D. 1851.

### DeComcey's Petition.

The Court of Common Pleas have power to remit fines of persons imprisoned, though the fines may be payable to a town or city.

That Court have no power to direct the jailer to receive or not to receive persons committed by legal authority.

Jailers have no right to require bonds for the payment of prison charges, except in civil cases.

In this case two questions arose.

1st. Whether the Court of Common Pleas have power to remit a fine, which if paid, would go to the use of some town or city in the county.

2d. Whether the Court of Common Pleas for any county, have power to instruct the jailer of the county not to receive into the jail any person ordered to be committed for the nonpayment of a fine, which, if paid, would go to the use of any town or city in the county, until such town or city shall have given bond to pay the prison charges.

BELL, J. These questions are to be determined by the provisions of our statutes. By section 12, of chapter 226, of the Revised Statutes, it is provided that " Whenever *any prisoner under conviction for any criminal offence,* shall be confined in jail for inability to pay *any fine* or costs, or to procure sureties, the Court of Common Pleas, on satisfactory evidence of such inability, may remit such fine, and discharge him, upon such terms as they may think expedient."

By section 11, of chapter 212, of the Revised Statutes, —
" When any penalty or forfeiture, or any part thereof, shall be
given to any town, by any penal statute, the selectmen may sue
therefor in the name of such town, which shall be entitled to the
benefit, and shall defray the expenses of such prosecution, and
the selectmen may remit any such penalty or forfeiture."

By chapters 113 and 114 of the Revised Statutes, relating
to offences against the police of towns, it is provided that " The
selectmen may remit fines imposed for violation of these chapters,
and costs, and discharge offenders from imprisonment, and the
town shall be liable for the prison charges in case of the offend-
er's inability."

By the charter of the city of Manchester, (Stat. of 1846, chap.
384,) " All fines and forfeitures, and all costs in criminal prose-
cutions, which shall be received by, or paid into the hands of
the Justice of the [Police] Court, shall be by him accounted for
and paid over to the city of Manchester, in the same manner
and under the same penalties for neglect, as are by law pre-
scribed in the case of Justices of the Peace."

These, so far as we are aware, are the only statute provisions
which bear upon the first question. That question has no rela-
tion to forfeitures and penalties which are to be *sued for* by the
town, since fines are imposed only upon indictment or informa-
tion. By the terms of the statute first cited, it is clear that the
Court of Common Pleas have power to remit *any fine or costs,*
for nonpayment of which the party is imprisoned, without refer-
ence to the question to whom it would be payable. And there
is nothing in the statute, which gives to the selectmen the power
to limit fines for police offences, which excludes the jurisdiction of
the Court of Common Pleas. And we are unable to perceive
any reason why the powers of the Court of Common Pleas should
be affected by the provision, that fines imposed by the Police
Court of Manchester should be paid over to the city.

As to the second question, there is not the least pretence that
the Court of Common Pleas have any power to instruct the
jailer to receive or not to receive any person into his custody.
He is an officer of the law. His duties are prescribed by the

law. He is not their servant, nor bound to obey their orders in this respect, and he cannot excuse himself for any neglect of duty by alleging their orders. He is bound to receive into his custody all persons who may be brought to him by virtue of legal process, and to detain them until they are discharged by authority of law.

The question then arises, Has the jailer any legal authority to discharge a prisoner in his custody for nonpayment of a fine, or to refuse to receive such prisoner into his custody, because no security is given to him for the payment of prison charges. The general duty of maintaining prisoners committed *upon criminal process* is imposed upon the jailer at the ultimate expense of the county, by provisions too clear to admit of doubt. By section 5, of chapter 226, of the Revised Statutes, it is prescribed that " every jailer shall provide each prisoner in his custody with necessary sustenance, clothing, bedding, fuel, and medical attendance ; and the Court of Common Pleas shall allow him, out of the County Treasury, a reasonable compensation for the support of all prisoners confined on criminal process." In the case of police offences the town is made liable for the prison charges, in case of the offender's inability, but there is no provision nor implication that these prison charges are to be paid or secured in advance ; and it might perhaps be well contended on behalf of the jailer, that he was compelled by law to incur these expenses for the support of these prisoners, and that the law gave him a claim for compensation against the county, and that the duty of enforcing the ultimate liability of the town, rested not on him, but upon the county.

The idea that a bond may be required for the payment of the prison charges in cases like these, is derived without doubt, from chapter 199, of the Revised Statutes, since there is no other provision, which has any bearing upon the subject. But this chapter relates only to civil cases, and has no reference to those of a criminal character. The provision is found in Title 23, " Of executions, levies, bail, and relief of poor debtors." The chapter is, " Of imprisonment and prison bonds," and relates exclusively to civil process ; and the eleventh and twelfth sections

DeComcey's Petition.

contain all that relates to this subject. They are as follows : —
Section 11. " No person *committed on civil process* shall be
detained in prison for the nonpayment of prison charges, but
such charges shall be a debt against the prisoner, if he is of
ability to pay the same."

Section 12. " The person at whose suit any person is com-
mitted to jail, shall give bond to the jailer with satisfactory secu-
rity, or such as may be approved by a justice, to pay the prison
charges in case of the prisoner's inability, otherwise such pri-
soner shall be discharged."

Offenders against the criminal law are prosecuted *at the suit
of the State*, and not of *any person*. Prisoners on criminal pro-
cess are not held liable to pay for their board, though they may
be able. Indeed the entire provisions are applicable merely
to civil cases.

The question probably chiefly affects the case of persons com-
mitted for nonpayment of fines, payable by the charter of Man-
chester to that city, and we are not impressed with the equity
or propriety of the order suggested, if the Court of Common
Pleas had power to make it. It is understood that the county
tax of the city is nearly $5,000 per annum, while the whole
amount of the fines, fees, and costs, payable to the city, are but
about $500. The order would be calculated to defeat almost
entirely the administration of criminal justice in that city. Since
they must either lose all benefit of the county jails, or be com-
pelled to maintain all prisoners confined there for small offences,
at an expense perhaps ten times all they receive, while paying
their full proportion of all county expenses, to say nothing as to
the doubt of the power of the city to give the bonds in question,
or of the disposition of the city authorities to involve themselves
in such expense.